[Crim. No. 477.   Third Appellate District.—October 4, 1919.]

THE PEOPLE, Respondent, v. T. K. SCOTT, Appellant.

[1] CRIMINAL LAW—ROBBERY—INSTRUCTIONS—EVIDENCE—PREJUDICIAL ERROR.—In this prosecution for the crime of robbery, the law pertinent to the case, as made by the evidence, was correctly stated to the jury, the court's rulings on the evidence were fairly correct, no prejudicial error in that respect being shown by the record, the defendant was given a perfectly fair trial according to law, and the evidence produced at the trial, having been accepted by the jury, was amply sufficient to justify the verdict.

APPEAL from a judgment of the Superior Court of Sacramento County, and from an order denying a new trial. Malcolm C. Glenn, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Emmett Phillips, Jr., and Donald McKisick for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

HART, J.—The defendant was convicted, under an information duly filed in the superior court of Sacramento County, of the crime of robbery, and has brought the cause to this court on an appeal from the judgment and the order denying him a new trial.

No brief was filed in behalf of the defendant in support of his appeal, nor was there any appearance for him and in his behalf when the cause was regularly called at the late term of this court for argument, the case having previously been regularly placed on the calendar of the court at said term for hearing and the attorney of record of the de-

fendant duly apprised by the clerk of this court of that fact. Accordingly, the attorney-general submitted the case for decision on the record.

[1] The people produced evidence at the trial amply sufficient to justify the verdict, such testimony having been accepted by the jury.

The robbery was committed in the early hours of the morning of March 11, 1919, in the city of Sacramento, and one Charles E. Sundahl, an elderly man, was the party robbed. It appears that Sundahl had been at the Southern Pacific passenger depot in the city of Sacramento with some acquaintances, who were waiting at the depot for and finally took a belated train for some point. Sundahl and his friends had, during the hours preceding the time when the latter took the train, indulged more or less in intoxicating liquors, and when, after leaving the depot, Sundahl had arrived at the corner of Fourth and K Streets, in said city, on his way home, at about the hour of 2 o'clock A. M., he was in some degree under the influence of intoxicants. At Fourth and K Streets he applied to a taxi driver to convey him home, but the driver asked seventy-five cents for the service, and Sundahl refused to pay that sum, and thereupon started in the direction of L Street, walking on the west side of Fourth Street. The defendant started away with Sundahl, taking the latter by the arm and walking with him toward L Street, and when they reached the alley between K and L Streets, Scott forcibly took Sundahl down the alley a few feet, struck him, knocking him to the ground, and then went through his pockets and abstracted therefrom and took with him several dollars in silver. This latter proceeding was witnessed by a Japanese night watchman, who arrested Scott and delivered him over to the custody of two police officers.

We have examined the charge of the court and the record generally, and from such examination are justified in saying that the law pertinent to the case, as made by the evidence, was correctly stated to the jury and was fair to both sides, and that the court's rulings on the evidence were generally correct. No prejudicial error in that respect was discovered by our examination of the record. Indeed, we think the defendant was accorded a perfectly fair trial according to law, and we may add the suggestion that the fact that the defendant's counsel did not press the appeal may be taken as evidence

that they, too, came to the conclusion, after an examination of the record subsequently to the trial, and after it was made up, that the convicted man has no just legal ground for complaint against the manner in which the court below conducted the trial.

The judgment and the order are *affirmed.*

Ellison, P. J., *pro tem.,* and Burnett, J., concurred.